IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALIYYUDDIN S. ABDULLAH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE SMALL BUSINESS BANKING DEPARTMENT | : | NO. 13-305 |
| OF THE BANK OF AMERICA | : | |
| THE SMALL BUSINESS DEPARTMENT OF | : | |
| WELLS FARGO BANK | : | |

## MEMORANDUM

JOYNER, Ch. J.                                                    JANUARY 28, 2013

   Plaintiff Waliyyuddin S. Abdullah brings this action
against Bank of America and Wells Fargo, claiming that he was
denied a loan for his business because of his race.  He seeks to
proceed in forma pauperis.  For the following reasons, the Court
will grant plaintiff leave to proceed in forma pauperis and
dismiss his complaint.

## I.   FACTS

   Plaintiff, a veteran of the United States Army, owns a small
business, the nature of which is not clear from the complaint.
On December 5, 2012, he visited branches of Wells Fargo and Bank
of America, seeking a business loan under the Patriot Express
Loan Program, a federal program aimed at benefitting small
businesses owned by veterans.  He was informed that neither of
the branches that he visited handled business loans, but was told
that his information would be forwarded to another branch, and
that someone would contact him within 24 to 48 hours.

   No one from Wells Fargo ever contacted plaintiff.  However,
he was contacted by Justin Davis, a Bank of America employee, on

1

the same day of his visit.  When plaintiff returned Davis's call the next day, Davis informed him that Bank of America only makes loans to businesses with annual sales of at least $250,000. Plaintiff alleges that Wells Fargo imposes the same requirement on putative loan recipients.  Plaintiff's business does not have sales at that level.  Nevertheless, plaintiff informed Davis that he "want[ed] to borrow the money so that [he] could expand [his] business, with the intent of increasing [his] sales."  Davis then sent plaintiff an email detailing the information that the bank would need to make a loan.

On December 28, 2012, plaintiff sent an email to Davis with all of the information he believed was necessary to acquire a loan.  Plaintiff received an automatic reply informing him that Davis was out of the office until January 2, 2013.  Plaintiff called Davis on January 6, 2013 to check on the status of his loan request, and left a message.  On January 18, 2013, having not received a response from Davis or from anyone at Wells Fargo, he filed the complaint in this case.

Plaintiff alleges that he is eligible for a loan under the Patriot Express Loan Program but that, due to the defendants' "discriminatory actions" he was denied access to the program.  He also contends that the defendants' requirement that a business have $250,000 in annual sales to be eligible for a loan "is a means to discriminate against minorities," and that they use the requirement "to keep them from even responding to minorities seeking government backed business loans."  Plaintiff seeks

2

$500,000 in compensatory damages from each defendant for "lost business opportunities" and $10 million in punitive damages for "their discriminatory practices."

## II.  STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted); see also Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011) ("[C]ourts evaluating the viability of a complaint . . . must look beyond conclusory statements . . . .").  Thus, although the Court must construe

3

plaintiff's allegations liberally because he is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

The Court understands plaintiff to be raising claims under Title VI, which prohibits race discrimination "under any program or activity receiving Federal financial assistance," 42 U.S.C. § 2000d, and 42 U.S.C. § 1981, which "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)). "The two elements for establishing a cause of action pursuant to Title VI are (1) that there is racial or national origin discrimination and (2) the entity engaging in discrimination is receiving federal financial assistance." Baker v. Bd. of Regents of Kan., 991 F.2d 628, 631 (10th Cir. 1993). To state a claim under § 1981, "a plaintiff must allege facts in support of the following elements: (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001) (quotations and alterations omitted).

Here, the complaint explains how plaintiff was treated by

4

the defendants' employees, and reflects that he has not secured a
loan with either bank as of six weeks after his initial inquiry.
The complaint then concludes that the defendants' failure to
provide him with a loan or respond to his requests in a timely
manner must have resulted from race discrimination.  However, the
complaint does not even identify plaintiff's race.  Furthermore,
plaintiff does not allege any facts that would support his
conclusory allegations of race discrimination.  Accordingly,
plaintiff has not stated a claim under Title VI or § 1981.  See
Gross v. R.T. Reynolds, Inc., 2012 WL 2673139, at *3 (3d Cir.
July 6, 2012) (amended complaint did not state a claim where "it
allege[d] a series of unfortunate events and then state[d], in
conclusory fashion, that the reason for those events is that
[defendant] harbored discriminatory animus towards [plaintiff and
his colleague]"); Flagg v. Control Data, 806 F. Supp. 1218, 1223
(E.D. Pa. 1992) ("Conclusory allegations of generalized racial
bias do not establish discriminatory intent."), aff'd without
opinion, 998 F.2d 1002 (3d Cir. 1993) (unpublished table
disposition).

Plaintiff alleges that the defendants' facially neutral
requirement that a business have at least $250,000 in annual
sales in order to be eligible for loan discriminates against
minorities and allows the defendants to essentially write off
minority applicants.  However, absent an allegation of
intentional discrimination, such disparate impact claims are not
actionable under Title VI or § 1981.  See Pryor v. Nat'l

5

Collegiate Athletic Ass'n, 288 F.3d 548, 562 (3d Cir. 2002) ("Title VI and § 1981 provide a private cause of action for intentional discrimination only."); see also Booker v. Nat'l R.R. Passenger Corp., — F. Supp. 2d. – , 2012 WL 2953721, at *3 n.4 (E.D. Pa. July 20, 2012) ("[D]isparate impact claims are not actionable under section 1981.") (quotations omitted and alteration in original); Blunt v. Lower Merion Sch. Dist., 826 F. Supp. 2d 749, 758 (E.D. Pa. 2011) ("The Supreme Court has held that there is no private cause of action for disparate impact under Title VI.").

## IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed without prejudice to plaintiff filing an amended complaint in the event he can cure any of the above deficiencies. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.