```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

WALIYYUDDIN S. ABDULLAH             :     CIVIL ACTION
                                    :
         v.                         :
                                    :
THE SMALL BUSINESS BANKING DEPARTMENT :   NO. 13-305
OF THE BANK OF AMERICA              :
THE SMALL BUSINESS DEPARTMENT OF    :
WELLS FARGO BANK                    :

## MEMORANDUM

**JOYNER, Ch. J.**                                    **APRIL 4, 2013**

Plaintiff Waliyyuddin S. Abdullah, who is proceeding in forma pauperis, claims that he was discriminated against by the small business banking department of the Bank of America and the small business department of Wells Fargo Bank because of his race. For the following reasons, the Court will dismiss plaintiff's amended complaint.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff filed this action on January 18, 2013, claiming that the defendants discriminated against him by frustrating his efforts to acquire a small business loan. In a January 28, 2013 memorandum and order, the Court granted plaintiff leave to proceed in forma pauperis and dismissed his complaint because it failed to allege sufficient facts in support of his allegations of race discrimination. Plaintiff was given leave to file an amended complaint, which he did.

According to the amended complaint, plaintiff, a veteran of the United States Army, owns a "communication/information company" that publishes a monthly magazine and business directory

1

primarily geared toward the Muslim community.  Plaintiff sought to purchase an abandoned warehouse in Philadelphia so that he could expand his business into book publishing and sales. Accordingly, on December 5, 2012, he visited branches of Wells Fargo and Bank of America, seeking a business loan of $500,000 under the Patriot Express Loan Program, a federal program aimed at benefitting small businesses owned by veterans.

Plaintiff was informed that neither of the branches that he visited handled business loans.  However, he was told that his information would be forwarded by computer to another branch, and that someone would contact him within 24 to 48 hours.  No one from Wells Fargo ever contacted plaintiff.  However, he was contacted by Justin Davis, a Bank of America employee, on the same day of his visit.  When plaintiff returned Davis's call the next day, Davis informed him that Bank of America only makes loans to businesses with annual sales of at least $250,000.  The Wells Fargo representative who took plaintiff's information mentioned the same requirement.  Plaintiff's business does not have sales at that level, but he still sought a loan.

Davis thereafter sent plaintiff an email detailing the financial information that plaintiff would need to submit to the bank to apply for a line of credit.[1]  On December 28, 2012, plaintiff sent an email to Davis with the financial information

---

[1] Plaintiff takes issue with the fact that Davis sent him information about applying for a line of credit rather than a small business loan.

he believed necessary to acquire a loan.[2]  Plaintiff received an automatic reply informing him that Davis was out of the office until January 2, 2013.  Plaintiff called Davis on January 6, 2013 to check on the status of his loan request, and left a message.  Less than two weeks later, he filed this action.  As of the time he filed his amended complaint, plaintiff had not heard back from

---

[2] Plaintiff attached his loan application as an exhibit to the amended complaint.  The documents in that application reveal that plaintiff claimed to be the CEO/President of Islamic Communication Network, Inc., which he valued as having assets worth $226,600.00.  (Compl. Ex. 7.)  On his personal financial statement, which he submitted as part of his loan application, plaintiff claimed the business among his assets, declared an annual salary of $27,000, and listed his net worth as $236,786.00.  (Compl. Ex. 9.)  Notably, in his motion to proceed in forma pauperis, which plaintiff prepared less than a month after his loan application, plaintiff declared under penalty of perjury that his monthly income was $800, which would equate to an annual salary of $9,600, and failed to declare any business-related assets.

A court must dismiss an action in which a plaintiff has been given leave to proceed in forma pauperis if the Court determines that the plaintiff's allegation of poverty is untrue, and may dismiss the case with prejudice if plaintiff is found to have knowingly or intentionally made false statements in his affidavit supporting his in forma pauperis application. See 28 U.S.C. § 1915(e)(2)(A); Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002); Portis v. Green, Civ. A. No. 06-1510, 2007 WL 2461799, at *2 n.3 (M.D. Pa. Aug 23, 2007).  The discrepancies between plaintiff's motion to proceed in forma pauperis and the documents attached to his amended complaint raise serious concerns.  Also troubling is the fact that the documents attached to the amended complaint reflect income that was apparently never disclosed in prior in forma pauperis motions that plaintiff filed with this Court.  See Abdullah v. Thomas Jefferson Univ. Hosp., Civ. A. No. 12-2920 (E.D. Pa.) (Document No. 1); Hunter v. Phila. Police Dep't, Civ. A. No. 12-2497 (E.D. Pa.) (Document No. 2); Abdullah v. Ct. of Common Pleas of Phila. Cnty., Civ. A. No. 12-2495 (E.D. Pa.) (Document No. 1); Abdullah v. Thomas Jefferson Hosp., Civ. A. No. 10-1532 (E.D. Pa.) (Document No. 1).  However, as the Court will dismiss the amended complaint for failure to state a claim, it will not order plaintiff to show cause as to why his in forma pauperis status should not be revoked.

Davis and still had not been contacted by a Wells Fargo representative.

Plaintiff alleges that he is eligible for a loan under the federal government's guidelines for the Patriot Express Loan Program.  He also alleges, based on information ascertained from the defendants' websites, that Bank of America and Wells Fargo do not require a business have $250,000 in sales to be eligible for a loan.  He claims that the defendants denied him the opportunity to apply for a loan and/or participate in the Patriot Express Loan Program because no one from Wells Fargo contacted him and because Bank of America's representative only informed him about applying for a line of credit and, thereafter, failed to respond after plaintiff submitted his application.  He asserts that "[g]iven this kind of treatment by these defendants, . . . [he] must conclude only one thing, [that] given the history of race relations in America, . . . [he is] being discriminated against by these defendants."  Plaintiff seeks $500,000 in compensatory damages from each defendant and $10 million in punitive damages.

## II.    STANDARD OF REVIEW

As plaintiff is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen his amended complaint to determine whether, among other things, it states a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the

Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). Thus, although the Court must construe plaintiff's allegations liberally because he is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**III. DISCUSSION**

As with the initial complaint, the Court understands the amended complaint to be raising claims under Title VI, which prohibits race discrimination "under any program or activity receiving Federal financial assistance," 42 U.S.C. § 2000d, and 42 U.S.C. § 1981, which "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474-75 (2006) (quoting 42 U.S.C. § 1981(a)). "The two elements for establishing a cause of action pursuant to Title VI are (1) that there is racial or national origin discrimination and (2) the entity engaging in

5

discrimination is receiving federal financial assistance." <u>Baker v. Bd. of Regents of Kan.</u>, 991 F.2d 628, 631 (10th Cir. 1993). To state a claim under § 1981, "a plaintiff must allege facts in support of the following elements: (1) that plaintiff is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts." <u>Brown v. Philip Morris, Inc.</u>, 250 F.3d 789, 797 (3d Cir. 2001) (quotations and alterations omitted). "The standard for establishing an intent to discriminate on the basis of race is identical in the Title VI and § 1981 contexts." <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 569 (3d Cir. 2002) (quotations omitted).

To state a claim for intentional discrimination, a plaintiff must do more than allege a series of unfortunate events and baldly allege that the defendants discriminated against him. <u>See Gross v. R.T. Reynolds, Inc.</u>, 2012 WL 2673139, at *3 (3d Cir. July 6, 2012) (amended complaint did not state a claim where "it allege[d] a series of unfortunate events and then state[d], in conclusory fashion, that the reason for those events is that [defendant] harbored discriminatory animus towards [plaintiff and his colleague]"). Instead, at bottom, a complaint must allege some facts to support the conclusion that the defendants acts were motivated by an intent to discriminate against the plaintiff because of his race. <u>Id</u>; <u>Doe v. Sizewise Rentals, LLC</u>, Civ. A. No. 09-3409, 2010 WL 4861138, at *5 (D.N.J. Nov. 22, 2010)

6

(dismissing § 1981 claim when plaintiffs "allege[d] no specific facts which would establish that Defendants . . . intended to discriminate against them on the basis of their race").

As with his initial complaint, plaintiff's amended complaint does not state a claim against the defendants.  The amended complaint does not identify plaintiff's race or describe how Davis, whom plaintiff communicated with via phone and email, would have been aware of plaintiff's race.  More importantly, plaintiff's allegations of race discrimination appear to be predicated upon his speculation that the only logical basis for the defendants' failure to respond to him in a timely fashion or furnish him with a loan is "the history of race relations in America."  Accordingly, Plaintiff's amended complaint does not state a claim upon which relief may be granted. See Deserne v. Madlyn & Leonard Abramson Ctr. for Jewish Life, Inc., Civ. A. No. 10-3694, 2011 WL 605699, at *2 (E.D. Pa. Feb. 16, 2011) ("Simply stating that one endured race discrimination without presenting allegations suggestive of such conduct does not meet our pleading standards.") (quotations omitted).

**IV.  CONCLUSION**

For the foregoing reasons, the amended complaint is dismissed.  Plaintiff will not be given a second opportunity to amend because the Court concludes that further attempts at amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).   An appropriate order follows.